# EXHIBIT "B"

## KAUFMAN BORGEEST & RYAN LLP
### ATTORNEYS AT LAW

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE††
JONATHAN D. RUBIN‡
JUDITH M. FISHER
MICHAEL P. MEZZACAPPA*‡
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DiGIACINTO*
JONATHAN B. BRUNO±
PAUL J. COLUCCI
MARGARET J. DAVINO*††
JEFFREY C. GERSON††
ROCCO P. MATRA◊
JOHN B. MULLAHY*
MELINDA B. MARGOLIES±
JEFFREY S. WHITTINGTON○
CHRISTINE HEENAN
BARBARA-ANN M. COSTELLO
RICHARD A. PRETTI
BELINDA DODDS-MARSHALL*‡

OF COUNSEL:
MARIBETH SLEVIN
SHERRI M. FELDMAN▫

APPELLATE COUNSEL:
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEWER*
CAROL S. DOTY†††
ELIZABETH O'BRIEN TOTTEN
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JENNIFER BIRNBAUM
GINA HOGUE▫
MICHAEL R. JANES
LEONARD B. COOPER††
KEITH L. KAPLAN††
VINCENT C. ANSALDI††
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
JEFFREY A. GRALNICK
TRACEY REISER††
KATHERINE J. O'BRIEN††

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914.449.1000
FACSIMILE: 914.449.1100
WWW.KBRLAW.COM

DAMIEN SMITH
MATTHEW M. FERGUSON♦
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA▫
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
JANINE C. CIALLELLA††
ELAN R. KANDEL*††
BRIAN M. SHER*
MARGARET M. O'CONNOR
EILEEN R. FULLERTON††
DENNIS J. DOZIS*
RISA D. KLEINER*
MILLI SHAH*
KATHRYN M. WALSH
LAURA B. JUFFA
SARA K. WALKER
THOMAS LOOKSTEIN
JULIE A. MICKIEWICZ††
RACHEL B. JACOBSON*
LORRAINE C. SYLVESTER■
JESSICA MOLINARES

ANDREW E. OLDIS
JENNIFER M. HAMILTON
RACHEL L. STERN*
KENNETH RITZ■
NICOLE SHETH▫
JOHN J. LEO III♦
CHRISTINE TURIANO*
NAOMI K. MORRIS
NICHOLAS W. SARRIS▫
LILIAN MAZIAN▫
KELLY B. CASTRIOTTA*
DIVYA MITTAL■
SUMA S. THOMAS±
VITALY ZURKOVSKY*
SUSAN LEVY-MILLER

† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
†† ALSO ADMITTED IN CT
± ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
♦ ALSO ADMITTED IN FL
○ ALSO ADMITTED IN CA
■ ADMITTED IN NJ ONLY
▫ ADMITTED IN CA ONLY
✧ ADMITTED IN NJ & PA ONLY

May 13, 2009

**VIA CERTIFIED MAIL ONLY,
RETURN RECEIPT REQUESTED**

**PRIVILEGED & CONFIDENTIAL**

Tony Berenyi
Berenyi, Inc.
224 Seven Farms Drive
Charlestown, SC 29492

      Re:     Insured           :     Berenyi, Inc.
                Claimants     :     Kanmo Partners, et al.
                Policy No.     :     LHR717616
                Claim No.     :     703-25124
                Our File No.  :     810.430

Dear Mr. Berenyi:

       We represent the interests of Landmark American Insurance Company ("Landmark") in connection with a complaint filed on September 5, 2008 by Kanmo Partners, LLC and Fox Valley Investment Partners, LLC alleging that the Insureds, Berenyi, Inc., ("Berenyi"), and its employee, Timothy D. Elmer ("Elmer"), erroneously prepared survey documents showing that a construction site was located in a 500 year flood zone when it was actually sited in a 100 year floor zone, styled *Kanmo Partners, et al. v. Berenyi, Inc. and Timothy D. Elmer* and pending in the U.S. District Court in South Carolina (the "*Kanmo* Matter").[1]

---

[1] We lend no credence to the allegations set forth in the complaint and mention them only for purposes of identifying the matter submitted coverage.

Kanmo v. Berenyi
Landmark Ref. 703-25124
Page 2 of 5

To date, Landmark has provided a defense to the Insureds, Berenyi and Elmer, for the *Kanmo* Matter under Architects and Engineers Professional Liability Policy Number LHR717616, a Renewal Policy, which is effective for Claims first made and reported during the Policy Period of May 18, 2008 to May 18, 2009 ("the Policy"). The Policy is subject to a $15,000 per Claim Retention and a $1 million per Claim Limit of Liability. The Policy provides coverage for Claims involving the performance of professional services made against the Insured as those terms are defined in the Policy and as described in the Declarations.[2] The Policy gives Landmark the right and duty to defend covered Claims. The Policy has a Retroactive Date of May 18, 2005, meaning Claims for negligent acts, errors or omissions that occur before that date are not covered.

In correspondence dated April 27, 2009 and May 6, 2009, Landmark received a copy of the Insured's civil drawings and plans for the construction site and a copy of plaintiffs' expert reports, which contained additional original documents relating to the survey of the property. Based upon the contents of the report and the documents attached to the correspondence, Landmark understands that the allegations against the Insureds involve a "negligent act, error or omission" that took place before May 18, 2005. In particular, the Insured prepared a "Land Title Survey" dated April 8, 2005 for which the Insured used an incorrect flood plain map. We understand that during the preparation of the survey dated April 8, 2005, the Insured selected a map for a location that was positioned four miles from the actual building site. The construction project site was actually situated on 100 year flood plain, while the incorrect maps used by the Insured in the preparation of its survey dated April 8, 2005, incorrectly showed the property to be located on a 500 year flood plain. The Insured also used the same incorrect map in another Civil Drawing dated August 11, 2005. It appears the same negligent act or error was carried over from the Insured's initial mistake of improperly identifying the correct map to prepare a survey for the construction site. As such, it appears that the allegedly negligent act or error of improperly identifying and using an incorrect flood plain map for the construction site first occurred no later than April 8, 2005, which is when the survey is dated.

In this regard, we bring your attention to Insuring Agreement A of the Policy, which references the applicability of the "Retroactive Date", and provides:

A.    **Covered Services**

The Company will pay on behalf of the **Insured** as shown in the Declarations, all sums that the **Insured** becomes legally obligated to pay as **Damages** and associated **Claim Expenses**, arising out of a negligent act, error or omission, even if such a **Claim** is groundless, false or fraudulent, in the rendering or failure to render professional services as described in the Declarations, provided that the:

---

[2] Per the Declarations page of the Policy, the Insured's professional services are: "Civil Engineering, Landscape Architecture, Structural Engineering, and Architecture."

Kanmo v. Berenyi
Landmark Ref. 703-25124
Page 3 of 5

1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**;

2. Negligent act, error or omission took place in a covered territory;

3. Negligent act, error or omission took place after the Retroactive Date as shown in the Declarations.

The Retroactive Date is defined in Section III.H. of the Policy to mean:

> the date stated in the Declarations on or after which any alleged or actual negligent act, error or omission must have *first* taken place in order to be considered for coverage, under this policy. (*emphasis added*)

In order for a Claim to fall within the coverage of the Policy, the "negligent act, error or omission" must have first taken place after May 18, 2005. Based on the foregoing, Landmark has sufficient grounds to disclaim coverage, since the initial (and continuing) negligent act or error -- the use of the wrong flood plain map contained in the April 8, 2005 survey, first occurred at least forty days before the Retroactive Date of May 18, 2005.

Landmark notes that in the initial complaint submitted for coverage, there was no indication that any of the alleged negligence occurred prior to the Retroactive Date. Landmark has only recently become aware of the application of this provision of the Policy from the contents of and supporting materials to the expert reports. Based on the foregoing, Landmark has the right to decline coverage for both defense and indemnity for the *Kanmo* Matter, since the "negligent act, error or omission" of using the incorrect flood plain map first took place on or before April 8, 2005, which was before the "Retroactive Date."

In addition to the foregoing disclaimer of coverage, Landmark also brings your attention to Part IV.A. of the Policy, which requires the Insured to notify Landmark "as soon as practicable of an incident, occurrence or event that may reasonably be expected to result in a **Claim**."

In the materials recently provided to Landmark, it appears that the Insured first became aware that it had erred in its survey plans when a municipal inspector advised of the construction problems in a September 15, 2006 letter. Landmark has also discovered that during a September 19, 2006 meeting at the construction site, Berenyi admitted that it had identified the incorrect flood zone for the construction. Landmark further understands that the Insured then allegedly took steps to remedy the error by preparing revised plans and drafting emails and correspondence regarding its efforts to rectify the mistakes during the end of 2006 and 2007.

Based upon Part IV.A. of the Policy, Landmark reserves its rights to deny coverage on the grounds that the Insured should have notified Landmark of an "incident, occurrence or event"

**KAUFMAN BORGEEST & RYAN LLP**

Kanmo v. Berenyi
Landmark Ref. 703-25124
Page 4 of 5

as early as mid-September 2006 when: (1) the Insured was advised of the municipal inspector's concerns regarding the construction site; (2) when the on-site meetings were held regarding the non-conformance with the building guidelines; (3) when the Insured apparently acknowledged its error; or (4) when the Insured subsequently took steps to correct its mistake.

In light of the applicability of the "Retroactive Date," which precludes any coverage for this matter, Landmark does not have any defense or indemnity obligations and, therefore, is withdrawing its defense of the Insureds. As such, Landmark will no longer pay for the continuing defense or any indemnity obligations in this matter, and also reserves its right to recoup amounts it has already paid toward the defense. Landmark is discontinuing the defense of the *Kanmo* Matter as of May 13, 2009. Landmark requests that Collins & Lacy prepare its final invoice for services through that date. Please be advised that all additional costs and expenses incurred by counsel after May 13, 2009 will be the obligation of the Insured and not of Landmark.

Landmark recognizes that this is a complex matter, and invites you to identify any other information you believe should be considered that would affect this coverage denial position. Landmark's coverage position is necessarily based on information available to date and inasmuch, we expressly reserve Landmark's rights under the Policy and at law to modify, amend and/or supplement this coverage position.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

*Julianna Ryan*
Julianna Ryan
Matthew M. Ferguson

Kanmo v. Berenyi
Landmark Ref. 703-25124
Page 5 of 5

cc:   Henrique Oliveira
      Landmark Group, Inc.
      *(Via email only)*

      Christopher M. Adams
      Collins & Lacy
      1330 Lady Street, Sixth Floor
      Columbia, S.C. 29211
      *(Via facsimile*: (803) 771-4484)

      Terri Russell
      Gresham & Associates
      One Gresham Landing
      P.O. Box 927
      Stockbridge, GA 30281
      *(Via facsimile*: (770) 389-0433)

KAUFMAN BORGEEST & RYAN LLP